UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FERNANDO POWERS, | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 06-2391 (NLH) |
| v. | : | |
| | : | |
| COMMISSIONER OF INTERNAL REVENUE SERVICE | : | **OPINION** |
| | : | |
| Defendant. | : | |

**APPEARANCES:**
FERNANDO POWERS
1501 LITTLE GLOUCESTER ROAD
APT. D8
BLACKWOOD, NJ 08012
*Pro Se Plaintiff*

BEATRIZ T. SAIZ
US DEPARTMENT OF JUSTICE
TAX DIVISION
PO BOX 227
BENJAMIN FRANKLIN STATION
WASHINGTON, DC 20044
*And*
PAUL A. BLAINE
OFFICE OF THE UNITED STATES ATTORNEY
CAMDEN FEDERAL BLDG & U.S. COURTHOUSE
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08101
*Attorneys for Defendant Internal Revenue Service*

**HILLMAN**, District Judge

Before the Court is defendant's motion for summary judgment, plaintiff's motion for summary judgment, plaintiff's motion for sanctions, and plaintiff's motion for a more definite statement. For the reasons expressed below, defendant's motion for summary judgment is granted and plaintiff's motions are denied.

## II. BACKGROUND

Plaintiff, Fernando Powers, filed a complaint against the Internal Revenue Service ("IRS").[1] We construe plaintiff's complaint as a request for judicial review pursuant to 26 U.S.C. § 6330(d)(1) of a notice of determination issued by the IRS on May 5, 2006, regarding Powers' income tax returns for 2001 and 2002.[2] See Kupcho v. Voysest, No. 04-5336, 2005 WL 791118, at *1 (D.N.J. Feb. 16, 2005) (recognizing that "[a]fter a determination has been issued, a taxpayer may seek judicial review of the determination pursuant to § 6330(d)(1)..."). The documents attached to the declaration of Darryl K. Lee, settlement officer with the IRS, submitted by the defendant[3] show that by letter

---

[1] Powers' pleading is inaptly entitled "Emergency Petition for Declaratory Judgment." Powers' request for declaratory relief is addressed in Section III.D. infra.

[2] The complaint is difficult to understand and at times indecipherable. However, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 107 (1976). The remedies sought by plaintiff include a request for a declaratory judgment that he is "a slave (in the best interests of governments), Or, [sic] alternatively, since there is no half pregnant in the law, declare Plaintiff Sovereign, not subject to his created law." He also asks the Court to declare that the IRS has no subject matter, personum and rem jurisdiction; that the IRS acted in RICO criminal conspiracy; and that the determinations made by the IRS on May 5, 2006, were invalid because no "valid" hearing was held. We interpret the allegations as a request for judicial review of the notice of determination pursuant to § 6330(d)(1). We address the validity of the hearing in Section III.C.

[3] Although the documents were submitted by the defendant, we review them in the light most favorable to the non-moving party. See Marino v. Industrial Crating Co., 358 F.3d 241, 247

2

dated July 7, 2005, the IRS sent Powers a "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" indicating that Powers owed money for tax years 2001 and 2002, and that Powers could request a hearing.  Powers mailed in a timely request for a collection due process ("CDP") hearing to the IRS.

By letters[4] dated January 31, 2006, the IRS informed Powers that its Appeals Office had received his case and would conduct a review.  By letters dated February 23, 2006, Darryl K. Lee, advised Powers that he received his request for a CDP hearing and found that the items raised by Powers: "(1) Courts have determined are frivolous or groundless, or (2) Appeals does not consider.  These are moral, religious, political, constitutional, conscientious, or similar grounds."  The letter provided a website address of examples of arguments considered frivolous by the IRS.  The letter further informed Powers that the IRS would not be conducting a face-to-face conference, but had set up a telephone conference on March 30, 2006.  Finally, the letter advised Powers that if he wished to have a face-to-face conference, he must write to the IRS within fifteen days and describe the legitimate issues he wished to discuss.

By letter dated March 23, 2006, Mr. Lee advised Powers that

---

(3d Cir. 2004).

[4] The IRS sent duplicate letters for each tax year in question, 2001 and 2002.

3

he had not provided the Appeals Office with a written list of the legitimate issues Powers wished to discuss and, therefore, was "... prohibited from recording or having a face to face conference."  The letter further stated that Powers would have to provide him with a contact number in order to be reached for the telephone conference on March 30, 2006, since Powers did not have long distance service on his listed telephone.  By letters dated March 30, 2006, Mr. Lee informed Powers that he had tried calling him on the scheduled day and time for the telephonic CDP hearing but was unable to reach Powers; and as a result, the Appeals Office would make its determination based on the administrative file and whatever information Powers had provided.

By letters dated May 5, 2006, the IRS Appeals Office sent two "Notice[s] of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330" to Powers.  The notices advised Powers that the recommended action was to sustain the lien and that if he wished to dispute the determination, he must file a petition with the United States Tax Court, or appropriate United States District Court,[5] within 30 days of the date of the letter.  The letter concluded that the filing of the federal tax lien "balances the need for effective collection of taxes with the legitimate concern that any collection action be no more

---

[5] The Notice concerning the 2001 taxes advised Powers that he could file a complaint in Tax Court while the Notice concerning the 2002 penalty advised him that he could file a complaint in the appropriate District Court.

intrusive than necessary." The first notice concerned the collection of income taxes for 2001. The other notice concerned the imposition of a penalty in the amount of $500.00 pursuant to 26 U.S.C. § 6702 for filing a frivolous return in 2002. The IRS deemed Powers' 2002 return frivolous because Powers listed zeros for all the amounts except for the number of exemptions. Powers also submitted a signed, two-page, single-spaced typed letter in which he stated that he had zero income and that the Code "... did not intend that the wages and/or earnings of private citizens would fall within the meaning of 'income' as 'defined' in Code Section 61 of the 1954 Code" and that "income can only be a derivative of corporate activity."

    In his complaint, Powers asks the Court to either find him a "slave of his created governments" upon which Powers will "pay all fees ordered and cease to seek further relief," or find Powers "a Sovereign creator of government, not subject to the law, in harmony with Yick Wo v. Hopkins [118 U.S. 356 (1886)]."[6] At the outset, we find that Powers is, like all Americans, subject to the laws of these United States, both its burdens -

---

[6] In Yick Wo, the city and county of San Francisco passed an ordinance making it illegal to erect or conduct a laundry business without the approval of a board of supervisors. The Supreme Court found that the board used this law to illegally discriminate against persons of Chinese heritage and that the imprisonment of Yick Wo for an alleged violation of the ordinance was illegal. Yick Wo does not stand for the proposition that persons are not subject to the law. Yick Wo also does not address the review process concerning the imposition of a tax lien. Yick Wo is inapplicable.

like taxation – and its benefits. Taking a liberal interpretation to the allegations in Powers' complaint, we conclude that Powers is seeking judicial review of the notices of determination pursuant to § 6330(d)(1).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction Under 26 U.S.C. § 6330(d)(1)

Powers received notices of determination advising him that the Appeals Office of the IRS was sustaining the lien levied against him for collection of income taxes for 2001 and for a $500.00 penalty for filing a frivolous tax return in 2002. Under 26 U.S.C. § 6330(d)(1), Powers has the right to seek judicial review of the determination. Section § 6330(d)(1) provides in pertinent part:

> (d)(1) the person may, within 30 days of a determination under this section, appeal such determination-
> (A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

Powers filed his complaint in this Court. Since it is not entirely clear whether Powers is seeking only judicial review of the frivolous return penalty for filing a frivolous return in 2002, or whether Powers is also seeking a judicial review of a lien levied against him for collection of his income taxes for

2001, we address both.  The statute clearly states that the taxpayer may appeal within 30 days to the Tax Court unless the Tax Court does not have jurisdiction.  See Ochsner v. U.S., No. 06-219, 2006 WL 2226346, at *2 (D.N.J. Aug. 2, 2006)(finding that District Court is only granted jurisdiction if the Tax Court does not have jurisdiction); Pediatric Affiliates v. U.S., No. 05-3108, 2006 WL 454374, at *1 (D.N.J. Feb. 23, 2006)(same).  The Tax Court has jurisdiction over income tax cases.  See Frese v. U.S., No. 05-1741, 2006 WL 231895, at *4 (D.N.J. Jan. 30, 2006)(stating that the Tax Court has jurisdiction over income, estate, and gift taxes); see also Springer v. IRS, Nos. 05-6387, 06-5123, 06-6268, 2007 WL 1252475, at *4 (10th Cir. May 1, 2007)(finding that the taxpayer was required to bring his appeal in the Tax Court because the underlying tax liability concerned income taxes); Barry v. U.S., 215 Fed.Appx. 933, 934 (11th Cir. 2007)(stating that "[t]he Tax Court has exclusive jurisdiction over challenges to the IRS's CDP determination of an income tax liability.").

    Thus, assuming Powers is seeking judicial review of the notice of determination where the underlying tax liability concerns the payment of income taxes, this Court does not have jurisdiction and those claims are dismissed.  See id.  Powers is not prejudiced by this dismissal since he has thirty days after the entry of the order of dismissal in this matter to file his appeal with the Tax Court.  See Frese, 2006 WL 231895, at *4

(concluding that if court determines appeal filed in the wrong court, taxpayer has thirty days after the court determination to file an appeal with the correct court).

In addition, the IRS imposed a $500.00 penalty under 26 U.S.C. § 6702 for filing a frivolous tax return.  This Court has subject matter jurisdiction over frivolous return penalty cases. See White v. U.S., 250 F.Supp.2d 919, 922 (M.D. Tenn. 2003)(finding that district court, rather than tax court, has jurisdiction in a frivolous return penalty case); see generally Gardner v. U.S., No. 04-2686, 2006 WL 1155728, at *1 (D.N.J. Apr. 5, 2005) (deciding a frivolous return penalty case).  Because the government has filed a motion for summary judgment to dismiss the penalty, we turn to whether Powers' challenge of the frivolous return penalty should be dismissed as a matter of law.

**B.   Abuse of Discretion Standard**

Although both parties have filed motions for summary judgment, some courts have commented that judicial review of administrative agency decisions are not properly suited to typical Rule 56 standards of review.[7]  See Allglass Systems, Inc.

---

[7] Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).  Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323

v. Commissioner of Internal Revenue, 330 F. Supp.2d 540, 543 (E.D.Pa. 2004)(citing STA Printing Co. v. Internal Revenue Service, No. 02-7133, 2004 WL 257393 (E.D. PA. Feb. 11, 2004)(other citations omitted)).  Rather, it makes more sense to review the motions as judgment on the pleadings.  See Fed.R.Civ.P. 12(c); id.  Although the Third Circuit has not decided the issue, District Courts have applied an abuse of discretion standard in reviewing IRS notices of determinations pursuant to 26 U.S.C. § 6330.  Id. (stating that "all district courts which have construed ... [26 U.S.C. § 6330], have concluded that abuse of discretion is the proper standard.") (citations omitted).  Under this standard,

> the Court 'must consider whether the decision was based on consideration of the relevant factors and whether there has been a clear error of judgment... .  Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The court is not empowered to substitute its judgment for that of the agency.'

Id. (citations omitted).

---

(1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

Here, we apply an abuse of discretion standard to the IRS's decision to impose a frivolous return penalty and decide whether the IRS is entitled to judgment as a matter of law.

### C.   Frivolous Return Penalty

In its supplemental brief in support of summary judgment, the government attached a copy of Powers' 2002 income tax return. The return had zeros for all the amounts except for the number of exemptions. Attached to the return was a signed two-page typed letter in which Powers concluded that he was exempt from income taxes. In his moving papers, Powers maintains that "...since there is no liability ... a return with zeros on all lines should be acceptable regardless of whatever pink ribbons, happy faces, or papers accompanying them."

The IRS imposed a frivolous return penalty on Powers for filing a zero return with the excuse that he is not subject to income taxation. The penalty was imposed without a formal, in person CDP hearing. Under 26 U.S.C.A. § 6330(b)(1), the IRS must provide a fair hearing to a taxpayer who requests one. Subsection (1) states, "If the person requests a hearing in writing under subsection (a)(3)(B) and states the grounds for the requested hearing, such hearing shall be held by the Internal Revenue Service Office of Appeals." 26 U.S.C.A. § 6330(b)(1). Although Powers timely requested a hearing, he failed to participate in the hearing at the scheduled day and time.  Mr.

Lee informed Powers that even though his grounds for appeal were considered frivolous and, therefore, did not warrant a face-to-face hearing, Powers had the opportunity to resubmit his grounds for appeal for a face-to-face meeting.  Powers did not do so and, therefore, was prohibited from participating in such a meeting.  Nevertheless, a telephonic CDP hearing was scheduled on March 30, 2006, and Powers was sent several notices of the hearing.  Mr. Lee's March 23, 2006 letter asked Powers to provide him with a long-distance telephone number.  There is no indication that Powers provided a telephone number where he could be reached on the scheduled hearing day and time.  Powers has not provided any facts showing that he was unable to participate at the hearing or was unaware of the hearing.

   We find that not only did the IRS give Powers notice and opportunity to appear at a CDP hearing, correspondence sent to Powers by the IRS constitutes a hearing satisfying the CDP requirements.  "...[A] CDP hearing may consist of written or telephonic correspondence, or some combination thereof.  Frese, 2006 WL 231895, at *6 (citing 26 C.F.R. § 301.6330-1(d)(2), A-D-26).  Relevant U.S. Treasury regulations and IRS guidelines do not require that a CDP hearing be face-to-face.  See id. (concluding that a face-to-face conference serves no useful purpose where taxpayer has only raised frivolous arguments).  We find that the correspondence sent by the IRS satisfies the CDP hearing requirement regarding the $500 frivolous return penalty.

Finding that the IRS provided a fair hearing, we turn to whether it was clear error of judgment for the IRS to conclude that Powers' return was frivolous.[8] The IRS assessed a frivolous return penalty of $500.00 against Powers pursuant to 26 U.S.C. § 6702(a) for filing a frivolous return for tax year 2002.[9] Except for the number of exemptions, Powers' 2002 return lists all zeros on each line of the return. The filing of a tax return reporting zero income and zero tax due has been considered frivolous by the

---

[8] The government argues that since Powers did not participate in a CDP hearing, he cannot challenge the civil fraud penalty. Since we are taking a liberal view of Powers' allegations as a pro se plaintiff, and since we determined that a hearing was held via correspondence, we interpret the statements made in Powers' written request for a CDP hearing as his challenge to the penalty.

[9] Powers' $500.00 penalty was imposed under a former version of the Code. In 2006, 26 U.S.C. § 6702(a) was amended and the amount of penalty was increased to $5,000.00. The Code reads:

(a) Civil penalty for frivolous tax returns.--A person shall pay a penalty of $5,000 if–

  (1) Such person files what purports to be a return of a tax imposed by this title but which--
      (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
      (B) contains information that on its face indicates that the self-assessment is substantially incorrect, and

  (2) the conduct referred to in paragraph (1)--
      (A) is based on a position which the Secretary has identified as frivolous under subsection (c), or
      (B) reflects a desire to delay or impede the administration of Federal tax laws.

26 U.S.C. § 6702(a)

courts.  See Hattman v. C.I.R., No.06-1040, 2006 WL 2506567, *3 (3d Cir. 2006)(taxpayer protestor arguments considered frivolous where taxpayer listed zero on all lines of the return except for a refund in the amount of $918.80); Stark v. U.S., 127 Fed.Appx. 355, 355-56 (9th Cir. 2005)(finding frivolous income tax return reporting zero income and zero tax due as well as a statement by the taxpayer that her wages did not constitute income).  In addition, to the extent that Powers maintains that he is not subject to income taxation such assertion is also grounds for frivolousness.  See Agostino v. U.S., No. 83-5490, 1984 WL 3070, at *3 (E.D. Pa. Aug. 17, 1984)(finding plaintiff's return where the line items were filled in with "spurious fourth and fifth amendment assertions" was patently frivolous).  Thus we find that the IRS did not abuse its discretion in determining that Powers' 2002 return was frivolous under § 6702.  Defendant's motion for summary judgment is granted as to that claim.

**D.   Request for Injunctive and Declaratory Relief**

The IRS moves for dismissal of Powers' request for injunctive relief barring the IRS from further collection activities and for declaratory judgment in his favor.  The IRS maintains that injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421, and declaratory relief is barred by the Declaratory Judgment Act, 28 U.S.C.A. § 2201.  Since we do not have subject matter jurisdiction over Powers' complaint seeking

judicial review of the notice of determination where the underlying tax liability concerns the payment of income taxes, plaintiff's request for injunctive and declaratory relief to the extent that it implicates such a claim is dismissed.  However, we do have jurisdiction over the frivolous return penalty and to the extent that Powers' request touches upon that liability, we decide it on that limited basis.  See Frese 2006 WL 231895 at *5 (finding that in a challenge to the imposition of a frivolous return penalty, "the penalty itself is considered the underlying tax liability.").

The Anti-Injunction Act states in pertinent part that "... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  See 26 U.S.C. § 7421; Malkin v. U.S. 3 F. Supp.2d 493, (D.N.J. 1998)(citing Bob Jones Univ. v. Simon, 416 U.S. 725, 736,(1974).[10]  Also "there is no dispute that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act."  Bob Jones University v.

---

[10] An exception to the Act can be shown if "(1) it is clearly shown that under no circumstances could the United States ultimately prevail, and (2) equity jurisdiction exists." Id. (citing Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, (1962)).  The most liberal view is taken in assessing the IRS's chance of prevailing and the taxpayer has the burden of proving both elements. Id.  Since the government has prevailed on summary judgment on the issue over which we have jurisdiction, the challenge to the frivolous return penalty, the exceptions do not apply.

Simon, 416 U.S. 725, 732, n. 7 (1974).  Further, the Declaratory Judgment Act "specifically exclude[s] controversies 'with respect to Federal taxes.'"  See Graham v. U.S., 573 F. Supp. 848, 850 (E.D. Pa. 1983).  It is clear that Powers is not entitled to injunctive or declaratory relief and his request for such relief as to the frivolous return penalty is denied.

### E.   Powers' Motion for Summary Judgment and for Sanctions

Powers' motion for summary judgment contains similar statements made in his complaint.  In addition, Powers filed a "Motion to Dismiss Defendants['] Opposition to plaintiff's Motion for Summary Judgment, and Plaintiff Moves to Sanction Defendant for Failure to Comply with a Court Order."  We interpret his motion to dismiss defendant's opposition as a reply brief in support of his motion for summary judgment, and address the request for sanctions separately below.  For jurisdictional reasons explained above, we only address plaintiff's motions as they pertain to the frivolous return penalty.

Powers' motions are bereft of any evidence or argument regarding the frivolous return penalty.  There is simply no evidence upon which to find for plaintiff as a matter of law.  In contrast, the defendant has provided ample evidence that Powers filed a frivolous tax return and that the imposition of the penalty was justified.  Accordingly, having found that the defendant is entitled to summary judgment on this issue, Powers'

motion for summary judgment is denied.

Powers' motion for sanctions is also denied. Powers argues that the IRS failed "to hand over discovery" and is in contempt. Powers' previous motion to compel discovery was denied without prejudice by the magistrate judge and no discovery order has been entered. Further, this is a review of an administrative agency decision and plaintiff is not entitled to discovery beyond the certified record. See Gardner v. United States, No. 04-2686, 2005 WL 1155728, at *3 (D.N.J. 2005)(stating that no discovery beyond certified record in cases involving limited judicial review of an administrative record)(citing Hart v. United States, 291 F. Supp.2d 640 (N.D. Ohio 2003); see also Murphy v. Commissioner of Internal Revenue, 469 F.3d 27, 31 (1st Cir. 2006)(concluding that the district court should not consider evidence outside of the administrative record in ruling on an appeal of a taxpayer's CDP hearing). Thus, the IRS is not in contempt and Powers' motion for sanctions is denied.

### F.   Powers' Motion for A More Definite Statement

Powers filed a motion requesting that the Court "compel the Commissioner of the Internal Revenue Service Corporation and the I.R.S. Corp. to file an Amended Complaint Notice of Motion for Summary Judgment that corrects the deficiencies of the original Summary Judgment Complaint Received on June 7, 2007." Powers argues that the IRS's motion for summary judgment is vague and

ambiguous.  It appears that Powers is arguing that the grounds upon which the IRS assessed the penalty are unknown to him, not that the motion for summary judgment is unclear.  Indeed, Powers filed an opposition to the IRS's motion for summary judgment suggesting that he understood the arguments.

The government opposes Powers' motion on the ground that it is another attempt to oppose its motion for summary judgment.  To the extent that Powers is requesting a more definite statement with regard to the frivolous return penalty, the supplemental brief of the government together with the declaration of Beatrice Saiz, trial attorney with the Tax Division of the United States Department of Justice, stating under penalty of perjury that she attached true and correct copies of notice of the tax lien in the amount of $500.00, Powers' 2002 tax return, and Powers' statement that he is not subject to taxation, clearly outlines the basis for the imposition of the penalty.  Powers' motion for more definite statement with regard to the frivolous return penalty is denied.

## IV.  CONCLUSION

This Court does not have subject matter jurisdiction over Powers' request for judicial review of the notice of determination regarding his 2001 income taxes.  Therefore, the motions pending before the Court to extent they pertain to Powers' underlying income tax liability are denied as moot and

17

those claims are dismissed.  We have jurisdiction over Powers' challenge to the imposition of the frivolous return penalty, and taking all inferences in favor of the non-moving party, as well as a liberal view of Powers' allegations, we find that Powers filed a frivolous return and that Powers is not entitled to injunctive or declaratory relief.  Thus, the government's motion for summary judgment is granted; Powers' motions are denied; and the complaint is dismissed.

                                                   s/Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated: August 30, 2007